IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARGARET A. SCHOMER,

        Plaintiff,

v.                          CIVIL ACTION NO.   2:12-cv-01497

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 67] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I.   Background

This action involves an Illinois plaintiff who was implanted with Prolift, TVT-Obturator ("TVT-O"), and TVT-SECUR ("TVT-S"), mesh products manufactured by Ethicon. Am. Short Form Compl. [ECF No. 23] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II.  Legal Standards

### A.  Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

## B. Choice of Law

The parties agree, as does this court, that Illinois law applies to the plaintiff's claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiff originally filed this action in the District of Minnesota. Thus, the choice-of-law principles of Minnesota guide this court's choice-of-law analysis.

Minnesota focuses on two factors in resolving choice-of-law issues: (1) the

3

maintenance of interstate order and (2) the advancement of the forum state's interest. *See In re Baycol Prods. Litig.*, 218 F.R.D. 197, 207 (D. Minn. 2003) (stating that only two factors in Minnesota's usual five-factor test apply to the resolution of choice-of-law issues arising under tort law) (citing *Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.*, 604 N.W.2d 91, 94–96 (Minn. 2000)). With respect to the first factor, the court should look to the state with "the most significant contacts with the facts relevant to the litigation." *Id.* The second factor requires the court to consider "the state law in which the plaintiff lives and in which the injury occurred." *See, e.g., In re Baycol*, 218 F.R.D. at 207 ("[A]s the injury occurred in the state of plaintiff's residence, the substantive law of the state of plaintiff's residence should be applied to their claims."); *Foster v. St. Jude Med., Inc.*, 229 F.R.D. 599, 605 (D. Minn. 2005) ("[P]roper consideration of Minnesota's choice-of-law factors reveals that the law of the state where the [d]evice was implanted would apply to Plaintiffs' [products liability] claims.").

Here, the plaintiff resides in Illinois, underwent implantation surgery in Illinois, and received follow-up medical care in Illinois. Accordingly, I will apply Illinois' substantive law to this case.

## III.   Analysis

Ethicon argues it is entitled to partial summary judgment because the relevant statutes of limitations bar certain claims. Ethicon also argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal

4

support.

### A.  Conceded Claims

The plaintiff concedes the following claims: Count II (strict liability –
manufacturing defect), Count VI (common law fraud), Count VII (fraudulent
concealment), Count VIII (constructive fraud), Count IX (negligent
misrepresentation), Count XI (breach of express warranty), and Count XIII (violation
of consumer protection laws). Accordingly, Ethicon's Motion regarding those claims
is **GRANTED**.

### B.  Breach of Implied Warranty (Fitness for a Particular Purpose)

Illinois law recognizes both the implied warranty of merchantability and the
implied warranty of fitness for a particular purpose. Ethicon's motion for summary
judgment on the plaintiff's breach of implied warranty of fitness for a particular
purpose is addressed here. Ethicon's motion for summary judgment on the plaintiff's
breach of implied warranty of merchantability claim is addressed below in Section C.

Under Illinois law, "[n]o warranty for a particular purpose is created if the
intended use is no different from the ordinary use of the product." *Rosenstern v.
Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013) (citing *Wilson v. Massey–
Ferguson, Inc.*, 315 N.E.2d 580, 582 (Ill. 1974)). Here, Ms. Schomer's implanting
physician prescribed the Prolift, TVT-O and TVT-S for their intended use, treating
SUI. Accordingly, Ethicon's Motion as to Count XII (breach of implied warranty of
fitness for a particular purpose) is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under the Illinois statutes of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 67] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (strict liability – manufacturing defect), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count XI (breach of express warranty), Count XII (breach of implied warranty of fitness for a particular purpose), and Count XIII (violation of consumer protection laws). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 16, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6